**Oscar L. ALTMAN et al., Appellants,**

v.

**CENTRAL OF GEORGIA RAILWAY CO., et al., Appellees.**

**No. 19824.**

United States Court of Appeals District of Columbia Circuit.

Argued March 23, 1966.

Decided May 19, 1966.

Certiorari Denied Oct. 24, 1966.
See 87 S.Ct. 231.

Mr. Victor A. Altman, Washington, D. C., for appellants.

Mr. Gerhard A. Gesell, Washington, D. C., with whom Mr. Bingham B. Leverich, Washington, D. C., was on the brief, for appellees.

Before BAZELON, Chief Judge, and FAHY and DANAHER, Circuit Judges.

FAHY, Circuit Judge.

On behalf of themselves and other preferred stockholders similarly situated appellants as plaintiffs sued the Central of Georgia Railway Company, a Georgia corporation, members of its Board of Directors, and several other of its officers. The purpose of the suit is to require Central to declare and pay dividends on its preferred stock for the years 1960, 1961, 1962, and 1963, and for related relief. Service was effected in this jurisdiction upon Central and one of its 21 directors. The parties served moved to dismiss on jurisdictional and *forum non conveniens* grounds. Appellants sought on motion to have the Southern Railway Company made an additional party defendant.

On the basis of the pleadings, affidavits, briefs and arguments of counsel, the District Court denied the motion of appellants to bring Southern in as an additional party, denied appellees' motion to dismiss insofar as it was grounded on lack of jurisdiction, and granted appellees' motion to dismiss on the ground of *forum non conveniens*. Altman v. Central of Georgia R. Co., 254 F.Supp. 167. We affirm the order of the court denying the motion of appellants to add Southern as an additional party defendant. No relief is sought and no complaint is made against Southern. However, we are of opinion that appellants are entitled to maintain their suit in this jurisdiction, and therefore we reverse the order dismissing the complaint.

In Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, while it is said, "The doctrine [of *forum non conveniens*] leaves much to the discretion of the court to which plaintiff resorts," the Court adds, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." However, against the view of the Circuit Court of Appeals,

the Supreme Court sustained the District Court as not having exceeded "its powers or the bounds of its discretion in dismissing plaintiff's complaint and remitting him to the courts of his own community." The action was in tort, initiated in a District Court in New York "solely because of diversity in citizenship of the parties." In agreeing with the District Court's exercise of discretion the Court pointed out that "the appropriate place for trial is Virginia where the plaintiff lives and defendant does business, where all events in litigation took place, where most of the witnesses reside * * *."

In Koster v. (American) Lumbermens Mutual Casualty Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067, the District Court's discretion,. exercised to refuse jurisdiction on the grounds of *forum non conveniens*, was also upheld both by the Circuit Court and the Supreme Court. But the corporate defendant there had no relationship to the chosen forum comparable to the relationship of Central to this jurisdiction in this suit involving dividends on preferred stock; nor did the plaintiff show any reason of convenience for the forum he chose, while in our case, as shall more fully appear, plaintiffs have substantial reasons for filing their suit in the District of Columbia.[1]

In Williams v. Green Bay & W. R. Co., 326 U.S. 549, 66 S.Ct. 284, 90 L.Ed. 31, a suit filed in the forum of the residence of the plaintiffs to recover of a foreign corporation amounts due under debentures held by plaintiffs, the Court did not accept as valid the District Court's exercise of discretion in declining to hear the case on the ground of *forum non conveniens*. Of the three cases *Williams* most closely resembles ours.

In passing upon the question the nature of the issue raised by the complaint is important. The problem here concerns the financial management of Central under its charter. The operation

---

1. *Koster*, as is the present case, was a stockholder's derivative suit. But the differences are meaningful. Nine of 151 preferred stockholders of Central have addresses in the District of Columbia. These nine own over 93% of the preferred stock. The same number, owning less than 7%, reside in Georgia. The remaining 133 are scattered throughout 29 other jurisdictions.

of the railroad in other respects is not importantly involved. It is immaterial that nearly all of the employees engaged in the physical maintenance and operation of the railroad are in Georgia, where 71% of the rail lines of Central are located. Much more important is the fact that financial control of Central is centered in this jurisdiction. Ownership of 96% of all the stock of Central, including 93% of its preferred stock, is in Southern, whose headquarters is here. Moreover, Central's Chief Executive Officer, its Comptroller, its Treasurer, and two of its Vice Presidents, are present in this jurisdiction, and detailed reports of the financial condition of Central are on file with the Interstate Commerce Commission.

The position of the Board of Directors on the dividend issue is not shown to require the testimony of anyone not already present in or easily available to this jurisdiction. Insofar as the record shows Washington is about as convenient to Central as is Georgia on the dividend issue. Though it is of some importance that twenty of the 21 directors are non-residents, 15 of them resident in Georgia, it does not appear that they would be needed as witnesses or, if any of them would be needed, how many and where they are. The Chairman of Central's Board, who has been served in this jurisdiction, is also President of Southern which controls Central; and Central's Comptroller, who is here, is also Comptroller of Southern. The control of Central by Southern outweighs the relevance, on the present issue, of the residence of a majority of the Directors, especially when Southern's headquarters and several of the officers directly concerned with the financial affairs of Central are present in this jurisdiction.

Whatever convenience would accrue to appellees were the litigation conducted in Georgia does not outweigh the inconvenience to plaintiffs in having their complaint dismissed.[2] We assume, in reaching this conclusion, that the case might be reached earlier for trial in Georgia than in our District Court, though there is no clear basis for divining the timing of the ultimate disposition of the litigation in one jurisdiction compared with the other.

The decisions rarely support invocation of the doctrine *forum non conveniens,* and when they do it is to prevent imposition upon a defendant of undue vexation or oppressiveness. Williams v. Green Bay & W. R. Co., *supra* at 554, 560. But the District of Columbia was a reasonable and natural place for appellants to bring their action against Central if they were to bring it at all. Whatever vexation, harassment or oppressiveness is caused Central is not attributable to the choice of the forum.

We conclude that the order of dismissal on the ground stated deprived plaintiffs of their right to maintain their suit in this jurisdiction.

In so far as it dismissed the complaint the order is reversed and the case is remanded. In other respects the order is affirmed.

DANAHER, Circuit Judge (dissenting in part and concurring in part).

I would not reverse the District Court's order which resulted in dismissal of the complaint. In this aspect of the case I would rest upon the opinion of District Judge Robinson,[1] for I think he has correctly exercised his discretion.

In all other respects I concur with the disposition commanded by the majority.

2. Dismissal requires a stronger showing of inconvenience than a transfer under Section 1404(a). Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789; North Branch Products, Inc. v. Fisher, 109 U.S.App.D.C. 182, 184 n. 3, 284 F.2d 611, 613 n. 3 (dictum).

1. Altman v. Central of Georgia Railway Co., 254 F.Supp. 167 (D.D.C., Sept. 29, 1965).