625 F.2d 273
 Billy Jack SAMS, Individually and as Administrator of the
Estate of Billy Jack Sams, II, Plaintiff,
v.
BEECH AIRCRAFT CORP., a corporation, Defendant,
v.
THC FINANCIAL CORPORATION, Aeromarine, Inc. and Frances
Nakamura, Administratrix of the Estate of Alan H.
Allen, Third Party Defendants.
Judith ALLEN and Marc Allen, a minor, by and through his
Prochein Ami, Judith Allen, Plaintiffs-Appellants,
and
Frances Nakamura, Administratrix of the Estate of Alan H.
Allen, Deceased, Plaintiff,
v.
BEECH AIRCRAFT CORP., etc., Defendant-Appellee.
 No. 79-4198.
 United States Court of Appeals,
Ninth Circuit.
 Submitted June 17, 1980.
Decided Aug. 11, 1980.
 
 Edward M. Digardi, Oakland, Cal., for plaintiffs-appellants.
 Joseph Schneider, Honolulu, Hawaii (argued), A. Singleton Cagle, Cades, Schutte, Fleming & Wright, Honolulu, Hawaii, on brief, for defendant-appellee.
 Appeal from the United States District Court for the District of Hawaii.
 Before SNEED and POOLE, Circuit Judges, and ZIRPOLI,* District Judge.
 POOLE, Circuit Judge:
 
 
 1
 Appellants Judith Allen and Marc Allen, the wife and minor son of a pilot who had been killed in a plane crash, sued the manufacturer, owner, and operator of the plane. Frances Nakamura, administratrix of the decedent's estate (herein administratrix), joined in the action. Although the complaint alleged diversity jurisdiction under 28 U.S.C. § 1332, the administratrix and two of the defendants were citizens of Hawaii. Appellants appeal from a judgment dismissing the complaint, counterclaims, and third party complaint for lack of subject matter jurisdiction.
 
 
 2
 As a means of perfecting diversity, appellants sought a voluntary dismissal of the administratrix under Rule 21, Fed.R.Civ.P. The defendants who had filed counterclaims against the administratrix objected that their claims could not "remain pending" within the meaning of Rule 41(a)(2) were the administratrix to be dismissed. The court refused to grant the voluntary dismissal. Instead it dismissed the entire action. Appellants contend that the court should have determined whether the administratrix was a non-indispensable party under Rule 19(b) who could have been dropped under Rule 21 so as to retain the diversity action. We agree and reverse.
 
 
 3
 On April 23, 1973, Alan Allen rented a plane from Aeromarine, Inc. (Aeromarine) which had been manufactured by Beech Aircraft Corporation (Beech). Aeromarine operated the plane for its owner, THC Financial Corporation (THC). Allen intended to take two friends, Billy Jack Sams and Billy Jack Sams II, on a sightseeing tour over the island of Oahu, Hawaii. Shortly after takeoff, the plane crashed near the airport, killing Allen and Billy Jack Sams II, and injuring Billy Jack Sams.
 
 
 4
 On June 6, 1974, appellants and the administratrix filed a wrongful death and survival action in Hawaii state court against appellees Beech, THC, and Aeromarine. Appellees answered the complaint and THC counterclaimed against the administratrix. On December 6, 1974, appellants and the administratrix filed a virtually identical complaint in federal court. They sought to avail themselves of the extensive discovery already undertaken in another federal action by passenger Sams against Beech, THC, and Aeromarine.[1] Thereafter all the parties ignored the state action. On February 14, 1977, the state court dismissed the action with prejudice for want of prosecution.
 
 
 5
 In counts one through nine of their federal complaint, appellants stated theories of recovery under the Hawaii Wrongful Death statute based on strict liability in tort for a defectively designed and manufactured product, negligence, breach of warranties, negligent maintenance and failure to warn. They sought damages for pecuniary injury and loss of love and affection from the decedent.[2] In counts ten through twelve the administratrix sought compensation under the Hawaii Survival Statute for decedent's funeral and burial expenses, his pain and suffering before death, and his lost expected future earnings over and above the probable cost of his and his family's maintenance.[3] THC and Aeromarine filed a compulsory counterclaim against the administratrix alleging that decedent negligently operated the plane. They sought damages for the value of the plane, lost use, and property damaged in the crash.[4]
 
 
 6
 The complaint alleged federal subject matter jurisdiction based on diversity of citizenship. Appellants were citizens of California and the administratrix was a citizen of Hawaii. The complaint did not specify the citizenship of the appellees; it merely stated that they were corporations "duly organized and existing under and by virtue of law and statute." On December 12, 1978, appellees moved pursuant to Rule 12(b)(3) to dismiss the entire action for lack of complete diversity. The appellants' unsuccessful attempt to amend their complaint to state the citizenship of the appellees still failed to state the principal place of business for the corporate appellees. See 28 U.S.C. § 1332(c). The district court's amended order of dismissal first revealed the citizenship of appellees. At the commencement of this action, Beech was incorporated and had its principal place of business in Kansas. THC and Aeromarine were incorporated and had their principal places of business in Hawaii.
 
 
 7
 On January 18, 1979, the district court heard argument on appellees' motion. Appellants urged the court to preserve diversity jurisdiction by dismissing the nondiverse administratrix pursuant to Rule 41(a)(2). Beech argued that the court could not voluntarily dismiss her claims under Rule 41(a)(2) over defendants' objection unless their counterclaim could remain pending for independent adjudication by the court. Emphasizing that the counterclaims could not remain pending for adjudication because the parties were nondiverse, it asked the court to dismiss the entire action. The district court stated that it would have dismissed the administratrix as a party plaintiff had THC and Aeromarine not filed counterclaims against her. However, it expressed concern that Rule 41(a)(2) prohibited dismissal of the administratrix because of appellees' counterclaims. The court invited further briefing and set the matter for rehearing.
 
 
 8
 On January 29, 1980, the district court conducted a second hearing.[5] Appellants argued that Rule 41(a)(2) was inapplicable and that the administratrix could be dismissed as a party plaintiff because she was not an indispensable party under Rule 19(b). The appellees did not argue. Without specifying upon which procedural rule it relied, the court dismissed the entire action for lack of jurisdiction on the grounds that complete diversity was lacking. Its subsequent written order dismissed the complaint, counterclaims, and third party complaint for lack of jurisdiction, but did not indicate the procedural basis for the court's determination.
 
 
 9
 Although the parties vigorously dispute whether the district court relied upon Rule 19(b) or Rule 41(a)(2) in dismissing, the record as a whole clearly indicates that it believed Rule 41(a)(2) required it to retain the claims involving nondiverse parties and to dismiss the action.[6] In pertinent part, Rule 41(a)(2) provides that:(a)n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. (Emphasis added.)
 
 
 10
 A Rule 41(a)(2) motion is addressed to the sound discretion of the district court, and its order is not subject to reversal unless the district court abused its discretion. See Blue Mountain Construction Co. v. Werner, 270 F.2d 305 (9th Cir. 1959), cert. denied, 361 U.S. 931, 80 S.Ct. 371, 4 L.Ed.2d 354 (1960); 5 Moore's Federal Practice P 41.05(3), at 41-81.
 
 
 11
 The district court believed that Rule 41(a)(2) prevented dismissal of the administratrix's claims against appellees' objections because THC's and Aeromarine's counterclaims could not remain pending for independent adjudication. It correctly reasoned that it lacked jurisdiction to adjudicate appellees' counterclaims and the administratrix's claims because the parties were nondiverse. It is well established, however, that an objection premised upon an improper counterclaim (that is, in the sense that the court lacks subject matter jurisdiction over it) cannot prevent dismissal under Rule 41(a) (2) because the counterclaim is not entitled to independent adjudication. See 5 Moore's Federal Practice P 41.09, p. 41-111; 9 Wright & Miller, Federal Practice and Procedure : Civil 2365; p. 175. This court has held that Rule 41(a)(2) is inapplicable where the impropriety of a counterclaim results from the same jurisdictional defect as the claim. International Video Corp. v. Ampex Corp., 484 F.2d 634, 636-37 (9th Cir. 1973); See Pioche Mines Consol. v. Fidelity Philadelphia Trust Co., 206 F.2d 336, 337 (9th Cir. 1953). As we explained in International Video Corp., supra :
 
 
 12
 . . . Rule 41 is inapplicable to the dismissals in this case which were predicated on lack of jurisdiction. Rule 41, cited by appellant, applies to voluntary dismissals and involuntary dismissals other than dismissals for lack of jurisdiction. Rule 12 dismissals for lack of jurisdiction are nondiscretionary and are to be entered whether the parties object or not.
 
 
 13
 Here the complaint was dismissed for want of an actual controversy and dismissal of the counterclaim was mandatory because it suffered from the same fatal jurisdictional defect.
 
 484 F.2d at 636, 637 (Emphasis added.)
 
 14
 Accordingly, the district court erred in relying upon Rule 41(a)(2) in retaining the nondiverse claim and counterclaim and thereby destroying jurisdiction.
 
 
 15
 Because the district court erroneously believed that Rule 41(a)(2) precluded dismissal of the administratrix, it did not consider whether it could drop her pursuant to Rule 21, Fed.R.Civ.P. This provision permits "the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just" to add or drop parties so as to avoid dismissing an action. Rule 21 grants a federal district or appellate court the discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19. E. g., Fidelity & Cas. Co. v. Reserve Ins. Co., 596 F.2d 914, 918 (9th Cir. 1979); Anrig v. Ringsby United, 591 F.2d 485, 491 (9th Cir. 1978); Ray v. Bird and Son and Asset Realization Co. Inc., 519 F.2d 1081, 1082 (5th Cir. 1975); Jett v. Phillips & Associates, 439 F.2d 987, 989-990 (10th Cir. 1970).
 
 
 16
 We conclude that the district court should have determined whether the administratrix was a nonindispensable party under Rule 19(b) who could be dismissed from the action pursuant to Rule 21 to perfect its jurisdiction. See Fidelity & Cas. Co. v. Reserve Ins. Co., supra, 596 F.2d at 918; Anrig v. Ringsby United, supra, 591 F.2d at 491. The parties urge us to consider the four interests enumerated in Rule 19(b) and determine whether, in equity and good conscience, the administratrix is indispensable to this action.[7] Although we have determined indispensability on appeal to perfect diversity jurisdiction in two cases in which the issue was not passed upon below. See Fidelity & Casualty Co. v. Reserve Ins. Co., supra, 596 F.2d at 918 (United States was not indispensable party in suit between two insurance carriers to determine which carriers' policy covered possible liability of their insured to the United States); Anrig v. Ringsby United, supra, 591 F.2d at 491 (corporate officers and directors were not indispensable defendants in breach of contract action against corporation), we think it more appropriate in this case to remand to the district court for it to exercise its discretion and give complete balance to the competing equities under Rule 19(b).[8]
 
 
 17
 REVERSED and REMANDED.
 
 
 
 *
 Honorable Alfonso J. Zirpoli, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 [1]
 Billy Jack Sams, individually and as Administrator of the Estate of Billy Jack Sams, II, a citizen of Hawaii, filed an action in federal court based on diversity jurisdiction for damages against Beech. Beech then filed third party complaints against THC and Aeromarine for indemnity. The Sams plaintiffs then amended their complaint to add THC and Aeromarine as defendants. During the pendency of the present action, the claims of the Sams plaintiffs against Beech, Aeromarine, THC and the Administratrix were settled, along with the cross-claims of Beech against Aeromarine and THC for indemnity and contribution. The only remaining claim in the Sams action was the third party complaint of Beech against the Administratrix for indemnity and contribution. On June 2, 1975, this claim was consolidated by stipulation with the current action for all future proceedings, including trial
 
 
 [2]
 Hawaii Revised Statutes Sections 663-3 and 663-7 and 663-8 provide as follows:
 " § 663-3. Death by Wrongful Act. When the death of a person is caused by the wrongful act, neglect, or default of any person, the deceased's legal representative, or any of the persons hereinafter enumerated, may maintain an action against the person causing the death or against the person responsible for the death. The action shall be maintained on behalf of the persons hereinafter enumerated, except that the legal representative may recover on behalf of the estate the reasonable expenses of the decedent's last illness and burial.
 In any action under this section, such damages may be given as under the circumstances shall be deemed fair and just compensation, with reference to the pecuniary injury and loss of love and affection, including (1) loss of society, companionship, comfort, consortium, or protection, (2) loss of marital care, attention, advice, or counsel, (3) loss of filial care or attention, or (4) loss of parental care, training, guidance, or education, suffered as a result of the death of a person by the surviving spouse, children, father, mother, and by any person wholly or partly dependent upon the deceased person. The jury or court sitting without a jury shall allocate the damages to the persons entitled thereto in its verdict or judgment, and any damages recovered under this section, except for reasonable expenses of last illness and burial, shall not constitute part of the estate of the deceased. Any action brought under this section shall be commenced within two years from the date of death of the injured person, except as otherwise provided."
 
 
 [3]
 Hawaii Revised Statutes Sections 663-7 and 663-8 provide that:
 " § 663-7. Survival of Cause of Action. A cause of action arising out of a wrongful act, neglect, or default, * * * shall not be extinguished by reason of the death of the injured person. The cause of action shall survive in favor of the legal representative of the person and any damages recovered shall form part of the estate of the deceased."
 " § 663-8. Damages, Future Earnings. Together with other damages which may be recovered by law, the legal representative of the deceased person may recover where applicable under section 663-7 the future earnings of the decedent in excess of the probable cost of the decedent's own maintenance and the provision decedent would have made for his or her actual or probable family and dependents during the period of time decedent would have likely lived but for the accident."
 
 
 [4]
 Their counterclaims were compulsory within the meaning of Rule 13(a), Fed.R.Civ.P. A counterclaim which is compulsory is barred if not brought. Baker v. Gold Seal Liquors, 417 U.S. 467, 469, n. 1, 94 S.Ct. 2504, 2506, 41 L.Ed.2d 243 (1974). Under Hawaiian law appellees could assert their counterclaim only against the Administratrix
 
 
 [5]
 Prior to the hearing, appellants submitted a brief in which they withdrew the administratrix's Rule 41 motion and moved the court to grant appellees' motion to dismiss as to the administratrix but deny it as to the decedent's heirs. Appellees submitted supplemental memoranda in which they reiterated their contention that Rule 41(a)(2) precluded dismissal of the administratrix's claims, thereby necessitating dismissal of the entire action
 
 
 [6]
 During the first hearing, the district court reasoned that Rule 41(a)(2) prevented dismissal of the administratrix. (1 RT 17:8-16; 36:16). In dismissing the action for lack of jurisdiction at the second hearing, the district court stated that it was satisfied counsel for the appellees was right. (2 RT 11:10-21). The only argument appellees ever advanced for dismissing the entire action was Rule 41(a)(2). (1 RT 4:21-10; 19). Although appellants urged the district court to invoke Rule 21 at the second hearing, the record contains no indication that the district court ever considered whether the administratrix was dispensable under Rule 19(b) so that she could be dropped pursuant to Rule 21. Indeed, the district court never referred to Rules 19 or 21 during either hearing or in its oral or written orders of dismissal
 
 
 [7]
 In pertinent part, Rule 19(b) provides that the court should consider the following factors:
 ". . . first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."
 
 
 [8]
 The district court is the only court which may resolve any claim arising out of the plane crash. The parties share responsibility for their lack of an alternative forum because they permitted their Hawaiian state action to be dismissed with prejudice and the statute of limitations has run. Of course, the district court only may decide the appellants' wrongful death claims against the appellees. It cannot adjudicate the administratrix's survival claims on behalf of the decedent nor the appellees' counterclaims against her alleging negligence by the decedent. The administratrix and appellees also share responsibility for their inability to pursue their claims. The administratrix did not identify the jurisdictional problem until appellees filed their motion to dismiss while the appellees chose, apparently for tactical reasons, not to raise the absence of diversity until the state action was dismissed. The district court must determine whether it is equitable to preserve the appellants' wrongful death action against the appellees, where it cannot afford relief in the claims involving the administratrix and appellees