976 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SMITH & SMITH, Plaintiff-Appellee,
v.
BOWSMITH, INC., Defendant-Appellant.
 No. 91-16137.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 18, 1992.
Decided Sept. 17, 1992.
 
 Before WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This appeal arises out of the Chapter 11 bankruptcy of Bowsmith, Inc. Carol Smith, individually and on behalf of Smith & Smith, a partnership between Carol and her former husband Allan Smith, filed a claim against Bowsmith in the bankruptcy proceedings. She later sought to withdraw the claim, but the bankruptcy court denied her motion to do so. She appealed to the district court, which reversed. Bowsmith now appeals that ruling.
 
 
 3
 * Allan and Carol Smith were divorced in 1983. As part of the dissolution, they agreed to divide equally the rights to two patents obtained by Allan Smith during the marriage. Allan and Carol formed a partnership denominated Smith & Smith to own and to exploit these patents. The partnership licensed the patents to Bowsmith, Inc.
 
 
 4
 Bowsmith filed for bankruptcy under Chapter 11 on September 14, 1988. Thereafter, Carol Smith filed claims against Bowsmith on behalf of herself and the partnership, claiming royalties due under the licensing agreement. Bowsmith objected to these claims. On May 19, 1989, the bankruptcy court tentatively ruled from the bench that Carol Smith had no standing to file claims on her own behalf because she was not a party to the contract between the partnership and Bowsmith. That ruling was later confirmed, and Carol has not appealed it. The court deferred ruling on Bowsmith's objections to the claims filed on behalf of the partnership. On October 24, 1989, Carol filed a motion to withdraw all of the claims she had filed. Bowsmith opposed the motion, arguing that Carol was trying to avoid the bankruptcy forum.
 
 
 5
 On January 4, 1990, the bankruptcy court denied the motion for withdrawal, ruling that Carol lacked authority to withdraw the partnership's claim. At the same time, the court ruled that it need not decide whether Carol had authority to file the claim because "all parties before the Court (including Debtor) ... recognized that such claims were filed." A hearing on the merits of the claim was held on August 1, 1990. The attorneys representing Carol and the partnership declined to put on any evidence at this hearing. The bankruptcy court entered a final order denying the claim on September 26, 1990.
 
 
 6
 Meanwhile, Carol, for herself and purportedly for Smith & Smith, had filed a complaint in Tulare County Superior Court against Bowsmith and Allan. On October 17, 1989, the bankruptcy court ordered dismissal of the state claims against Bowsmith to the extent they concerned events preceding confirmation of the reorganization plan, and stayed all other claims against Bowsmith. Carol complied with the order on November 10, 1989. However, in February 1990 she filed an amended complaint in the state court, realleging several causes of action against Bowsmith for conduct preceding the confirmation. Upon motion of Bowsmith, the bankruptcy court ordered dismissal of this second amended complaint as against Bowsmith with prejudice. Carol complied with this order, which was entered together with the final order denying her claim, and has not appealed it.
 
 
 7
 Carol, still purportedly acting for the partnership, timely appealed the final order disallowing the claim to the district court.[1] That court reversed, holding that the bankruptcy court erred in reaching the merits of the claim. According to the district court, the bankruptcy court should have dismissed the claim once it determined that Carol lacked authority to act for Smith & Smith. Bowsmith timely appealed the district court's ruling.
 
 II
 
 8
 "Because this court is in as good a position as the district court to review the findings of the bankruptcy court, it independently reviews the bankruptcy court's decision." Ragsdale v. Haller, 780 F.2d 794, 795 (9th Cir.1986). The bankruptcy court's refusal to allow withdrawal of a claim is reviewed for abuse of discretion. See Bankruptcy Rule 3006, Advisory Committee Note (1983).
 
 III
 
 9
 The partnership contends that Bowsmith has no standing to prosecute this appeal because "it has not suffered any injury from the district court's decision." This argument is not persuasive. Bowsmith won a judgment on the merits of the partnership claim in the bankruptcy court, and that judgment was accompanied by specific findings of fact. Dismissal of the claim as ordered by the district court will vacate the findings of fact, depriving Bowsmith of their potential preclusive effect in any future patent infringement action and in the ongoing state court proceedings. Bowsmith therefore has a real interest in appealing the district court's decision.
 
 
 10
 In what amounts to the obverse of the partnership's argument, Bowsmith contends that the district court should have dismissed the partnership's appeal as moot. According to Bowsmith, the partnership's dismissal with prejudice of its complaint against Bowsmith in state court rendered the appeal moot. We disagree. Just as Bowsmith has an interest in reinstating the bankruptcy court's decision, the partnership has an interest in vacating it.
 
 IV
 
 11
 Bowsmith argues that, because Carol and her attorneys purported to file a claim on behalf of the partnership in the bankruptcy court, they should not have been permitted to argue in the district court that they lacked authority to do so. Bowsmith claims that the district court erred in refusing to apply the doctrine of judicial estoppel to preclude Carol from changing her position on this issue.
 
 
 12
 Judicial estoppel generally precludes a party from taking inconsistent positions in the same litigation. Morris v. California, 966 F.2d 448, 452 (9th Cir.1992), petition for cert. filed June 8, 1992. The doctrine serves to protect the integrity and dignity of the judicial process. Id. at 453; Arizona v. Shamrock Foods Co., 729 F.2d 1208, 1215 (9th Cir.1984), cert. denied, 469 U.S. 1197 (1985); Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir.1990); cert. denied, 111 S.Ct. 2915 (1991). Judicial estoppel is an equitable doctrine whose invocation lies in the sound discretion of the court. Russell, 893 F.2d at 1037. It is intended to prevent litigants from "playing 'fast and loose with the courts' " by using "intentional self-contradiction ... as a means of obtaining unfair advantage in a forum provided for suitors seeking justice." Shamrock Foods, 729 F.2d at 1215 (quoting Scarano v. Central R.R. Co., 203 F.2d 510, 513 (3d Cir.1953)).
 
 
 13
 The district court did not abuse its discretion in declining to apply the doctrine here. Although the positions taken by Carol in the bankruptcy and district courts are facially inconsistent, to some extent that inconsistency was the result of the bankruptcy court's own inconsistent ruling. The bankruptcy court never accepted Carol's argument that she had authority to file the claim. In fact, it ruled that she could not act for the partnership, but declined to consider whether the claim was properly filed.
 
 V
 
 14
 Bankruptcy Rule 3006 provides in relevant part:
 
 
 15
 A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim an objection is filed thereto ... the creditor may not withdraw the claim except on order of the court....
 
 
 16
 Rule 3006 "vests discretion in the court to grant, deny, or condition the request of a creditor to withdraw." Advisory Committee Note (1983). It parallels Federal Rule of Civil Procedure 41(a)(2), which applies to voluntary dismissal of civil actions after a responsive pleading has been filed, and its interpretation is governed by the same considerations. See id.; In re Penn Hook Coal Co., 68 B.R. 804, 806-07 (Bankr.W.D.Va.1987). "A Rule 41(a)(2) motion is addressed to the sound discretion of the district court, and its order is not subject to reversal unless the district court abused its discretion." Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir.1980).
 
 
 17
 The bankruptcy court listed two reasons for its decision to deny Carol's motion to withdraw. First, the court concluded that Carol could not, without the consent of Allan, withdraw the partnership's claim "and thereby surrender an [sic] legal advantage that the partnership has." Order Denying Motion to Withdraw Claim at 3, Clerk's Record ("CR") 14 at 570. Second, the court reasoned that "the Debtor has a right to have the claim of Smith & Smith determined before the bankruptcy court," and that in the interests of judicial economy the claim should remain before the bankruptcy court. Id.
 
 
 18
 As the district court noted, it was logically inconsistent for the bankruptcy court to hold that Carol lacked authority to act for the partnership, yet reach the merits of the claim. The bankruptcy court essentially ruled that only the partnership had a claim against Bowsmith, but that Carol and her attorneys did not represent and could not act for the partnership. It then proceeded to resolve the partnership's claim, despite the fact that the partnership was, by its ruling, not before the court. We agree with the district court's conclusion that proceeding to the merits under the circumstances was an abuse of discretion.
 
 
 19
 The bankruptcy court's facially inconsistent ruling could be countenanced if Allan, through Bowsmith, had somehow consented to the filing of a claim on behalf of the partnership. The record does not, however, reveal any such acquiescence. Bowsmith initially objected strenuously to Carol's attempt to file for the partnership. Although Bowsmith later opposed the motion to withdraw, that opposition appears to have been premised on the notion that Carol, not the partnership, was the claimant. See Opposition to Motion to Withdraw Claims, CR 12 at 209-227.[2] The record reveals no indication that Bowsmith ever conceded that the partnership claim was properly filed.
 
 
 20
 When the bankruptcy court ruled that Carol lacked authority to act for the partnership, a ruling neither party now disputes, it should have dismissed the claim as improperly filed. The district court properly concluded that the bankruptcy court abused its discretion when it considered the merits of the claim following that ruling.
 
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We confess some puzzlement as to how Carol, having failed to appeal the bankruptcy court's ruling that she lacked authority to act for the partnership, could purport to file an appeal on the partnership's behalf. However, because Bowsmith has not raised this issue and we do not regard it as jurisdictional, we need not address it
 
 
 [2]
 Although the parties now state that the bankruptcy court ruled from the bench in May 1989 that Carol could not assert a claim on her own behalf, Bowsmith's opposition to the motion to withdraw states that the court "was prepared to rule that Carol Smith individually had no claim," at that time but postponed decision pending submission of points and authorities. CR 12 at 212. Thus, it appears that Carol's individual standing was not conclusively ruled on until the January 4, 1990 hearing