19 F.3d 1441
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
RANGER INSURANCE COMPANY, Plaintiff-Appellee,
v.
AMERICAN MUTUAL PROTECTION BUREAU, Defendant-Appellant.
 No. 92-16623.
 United States Court of Appeals, Ninth Circuit.
 Argued Feb. 10, 1994.
Submitted Feb. 24, 1994.
Decided March 15, 1994.
 
 Before: ALARCON and FERNANDEZ, Circuit Judges, and HILL, District Judge.*
 MEMORANDUM**
 American Mutual Protection Bureau (AMPB) was sued by an employee, Dorothy Hunt, for breach of contract, breach of the covenant of good faith and fair dealing and violation of the California Fair Employment and Housing Act (FEHA), Cal.Gov't Code Secs. 12940-12950. It tendered the defense of the action to Ranger Insurance Company, which had issued it a comprehensive general liability policy, with a special broad form comprehensive general liability endorsement. Ranger then brought this action for declaratory relief in which it asserted that it owed AMPB neither a defense nor indemnification. The district court granted summary judgment in favor of Ranger and AMPB appealed. We vacate the judgment and remand.
 A. Subject Matter Jurisdiction.
 AMPB asserts that the district court did not have diversity jurisdiction, 28 U.S.C. Sec. 1332(a), because Ranger's pleading did not show complete diversity of citizenship between the parties.
 AMPB first asserts that because the residence rather than the citizenship of its employee, Hunt, was pled and because there were Does, there could not be diversity. However, the district court dismissed those defendants and, therefore, perfected its own jurisdiction. It clearly had discretion so to do. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 109 S.Ct. 2218, 2223, 104 L.Ed.2d 893 (1989); Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir.1980); Anrig v. Ringsby United, 603 F.2d 1319, 1325 (9th Cir.1978). It did not abuse its discretion. See Hughes v. United States, 953 F.2d 531, 540-41 (9th Cir.1992); Bakia v. County of Los Angeles, 687 F.2d 299, 301 (9th Cir.1982); Sams, 625 F.2d at 277.
 AMPB also claims that Ranger did not present evidence to show that the amount in controversy exceeds $50,000. However, in general, a plaintiff's good faith pleading of the amount in controversy controls. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Nothing indicates that Ranger's pleading in this respect was not made in good faith. Indeed, the assertion that Hunt's claim for $350,000 damages coupled with Ranger's policy limit of $500,000 may not subtend an over $50,000 controversy borders on the disingenuous. See Traders & Gen. Ins. Co. v. Champ, 225 F.2d 802, 806 (9th Cir.1955), cert. denied, 350 U.S. 958, 76 S.Ct. 348, 100 L.Ed.2d 833 (1956).
 Finally, without further specificity, AMPB suggests that there was an insufficient pleading of diversity between itself and Ranger. We do see that Ranger did not allege AMPB's principal place of business, but at oral argument AMPB conceded that its principal place of business was California.
 B. Appellate Jurisdiction.
 AMPB argues that the judgment is void because its purported counterclaim was not resolved by the district court. We disagree. Even if AMPB's allegation of a defense was really a counterclaim, it is apparent to us that the district court did resolve the issue it presented. The district court determined that the letter AMPB relied upon to assert that Ranger had agreed to pay its defense costs, even if Ranger was not contractually responsible for them and despite Ranger's assertion of rights, was insufficient to establish AMPB's position. AMPB put on no other evidence. The court's resolution of the issue would apply regardless of how AMPB dubs its assertion. Thus, the district court did decide the issue for appeal purposes.
 C. Merits.
 Although resolution of this appeal would have required us to deal with a number of sub-issues, AMPB made it clear at oral argument that all it sought was a ruling that Ranger is obligated to pay its share of the reasonable costs of AMPB's defense of the Hunt action. For its part, Ranger agreed that it does have that obligation. It also said that it has paid its share of the costs and will continue to do so. Of course, both parties recognized that reasonable costs of defense include reasonable attorneys fees.
 In light of these concessions of the parties, we hold that the other issues on this appeal are moot and that a judgment declaring that Ranger shall pay its share of AMPB's reasonable costs of defense of the Hunt action should issue. As we understand the pleadings, and the desires of the parties, both have asked that the amount of those costs now be determined.
 We therefore vacate the district court's judgment and remand to the district court for entry of a new judgment that Ranger shall pay its share of AMPB's reasonable costs of defense of the Hunt litigation and for further proceedings to determine the amount of the costs which remain unpaid. The parties shall bear their own costs on appeal.
 VACATED AND REMANDED.
 
 
 
 *
 The Honorable Irving Hill, Senior United States District Judge, United States District Court for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3