In re Ronald Lee RODERICK, Debtor.

Ronald Lee RODERICK, Plaintiff,

v.

Nancy RODERICK, Defendant.

**Bankruptcy No. 90–03421–W.**
**Adv. No. 91–0008–W.**

United States Bankruptcy Court,
N.D. Oklahoma.

April 24, 1991.

Randolph P. Stainer, Tulsa, Okl., for plaintiff.

Timothy T. Trump, Tulsa, Okl., for defendant.

### ORDER GRANTING DEBTOR'S MOTION TO DISMISS COUNTERCLAIM AND DENYING NANCY RODERICK'S MOTION TO STRIKE

MICKEY DAN WILSON, Chief Judge.

Upon consideration of the record in this adversary proceeding and in the above-styled case, the Court determines, concludes, and orders as follows.

Ronald Lee Roderick ("debtor") filed his voluntary petition for relief commencing the above-styled case under 11 U.S.C. Chapter 7 on November 7, 1990. Among his creditors he listed "Nancy Roderick [at] 8605 S. Marion[,] Tulsa, Oklahoma 74137." On November 20, 1990, the Clerk of this Court mailed an "Order and Notice of Chapter 7 Bankruptcy Filing, Meeting of Creditors, and Fixing of Dates" to all listed creditors. The notice indicated that a meeting of creditors was scheduled to be held on December 11, 1990; and that the "Last Day to File a Complaint Objecting to the Discharge of the Debtor or Dischargeability of a Debt" would be "February 11, 1991." The latter date was correctly calculated according to Bankruptcy Rules 4004(a), 4007(c), 9006(a).

On January 10, 1991, debtor filed his complaint commencing this adversary proceeding seeking determination of dischargeability of a debt under 11 U.S.C. § 523(a)(5). Summons was sent by mail pursuant to Bankruptcy Rule 7004(b)(1) to Nancy Roderick at the same address listed in the main case. On February 11, 1991, Nancy Roderick filed in the adversary proceeding her "Motion for Extension of Time to Answer," stating that "The Summons and Complaint were mailed to the wrong address, thus delaying Nancy Roderick's receipt of the same" and that "Nancy Roderick has just recently retained ... counsel and he needs some additional time to respond," and asking for an extension of twenty (20) days from February 11, 1991 "to answer the ... complaint." By order filed February 13, 1991, the requested extension was granted, i.e. until March 4, 1991. On March 4, 1991, Nancy Roderick filed her "Motion for Second Extension of

Time to Answer," stating no cause but requesting an extension of one (1) week from March 4, 1991 "to answer the ... complaint." By order filed March 6, 1991, the requested extension was granted.

Meanwhile, on March 4, 1991, no request for extension of time to file a complaint under 11 U.S.C. § 727 having been filed or granted in the main case, the Clerk of this Court entered debtor's discharge pursuant to Bankruptcy Rule 4004(c). Notice of discharge was mailed to all listed creditors on March 27, 1991.

On March 8, 1991, Nancy Roderick filed her "Answer and Counterclaim ..." in this adversary proceeding, which not only answers debtor's complaint under 11 U.S.C. § 523(a)(5) but, in the form of a counterclaim, objects to debtor's discharge pursuant to 11 U.S.C. § 727(a)(2), (a)(4)(A). On March 13, 1991, debtor filed his "Answer to Counterclaim" (which ought more properly to have been denominated "Reply to Counterclaim," see F.R.Civ.P. 7(a) adopted by Bankruptcy Rule 7007), which denies two paragraphs of Nancy Roderick's counterclaim but makes no other denials, assertions or motions. On April 3, 1991, debtor filed his "Amended Answer and Motion to Dismiss." This document (which ought more properly to have been denominated "Amended Reply to Counterclaim ..."), was erroneously styled and was accordingly filed not in the adversary proceeding but in the main case; but by minute order of April 5, 1991 a copy of the "Amended Answer and Motion to Dismiss" was filed and docketed in the adversary proceeding. On April 18, 1991, Nancy Roderick filed her "Objection to Motion to Dismiss" and "Brief in Support ..." thereof, and also her "Motion to Strike Amended Answer and Motion to Dismiss" and "Brief in Support ..." thereof.

■ The "Motion to Dismiss" has been objected to and is at issue. Debtor moves to dismiss the counterclaim under 11 U.S.C. § 727(a)(2), (a)(4)(A) on the ground that it is untimely and "barred by Bankruptcy Rule 4004." That rule provides in pertinent part that

(a) ... In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors ...

(b) ... On motion of any party in interest ... the court may extend for cause the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired.

Bankruptcy Rule 9006(b)(3) further provides that "The court may enlarge the time for taking action under Rules ... 4004(a) ... only to the extent and under the conditions stated in those rules." The "motion" referred to in Bankruptcy Rule 4004(b) must be a motion filed in the case under Bankruptcy Rules 9013, 9014, because the rule is intended to operate even before commencement of any adversary proceeding, and also because any such motion must be apparent to the Trustee, other creditors and Clerk and not just to the parties in some adversary proceeding. Here, it is apparent and undisputed that no motion under Bankruptcy Rule 4004(b) was ever filed in the case, with the result that, upon expiration of the original deadline for filing complaints under 11 U.S.C. § 727(a), the Clerk duly entered the discharge pursuant to Bankruptcy Rule 4004(c) and has given notice thereof to all parties in interest. Nancy Roderick would have the Court construe her motions for extension of time to answer in the adversary proceeding as motions for extension of time in which to object to discharge; but there is nothing in the motions for extension of time to answer which even hints at any intention to object to discharge. Although the first motion for extension of time states cause why an answer cannot be immediately filed, due to alleged lack of timely notice *of the complaint*, it states no cause why an objection to discharge could not be filed within the required time, and makes no allegation of lack of sufficient notice *of the meeting of creditors* or *of the deadline for filing objections to discharge.* The deadline for filing objections to discharge under Bankruptcy Rules 4004(a), (b), 9006(b)(3) is not optional or discretionary. There is no reason why this crucial deadline, if it applies

to bar any complaint raised "offensively," should not apply as well to bar any counterclaim raised "counter-offensively." Under these circumstances, this Court is without power or authority to permit the untimely commencement of an action objecting to debtor's discharge under 11 U.S.C. § 727(a); and that is what Nancy Roderick's counterclaim amounts to. It follows that Nancy Roderick's counterclaim is indeed barred by Bankruptcy Rules 4004, 9006, and should be dismissed.

Nancy Roderick argues that "A defense based on statute of limitation must be raised as an affirmative defense or it will be waived. *See* Fed.R.Civ.P. 8 and 12(h)," brief re obj. to mot. to dismiss, p. 2. Bankruptcy Rules 4004, 9006 do operate in the nature of a "statute" of limitation, and limitation is an affirmative defense, F.R.Civ.P. 8(c) adopted by Bankruptcy Rule 7008(a); but this defense is not among those mentioned by F.R.Civ.P. 12(h)(1), and if included among those mentioned by F.R.Civ.P. 12(h)(2) would be capable of addition by amendment to an original pleading. Nancy Roderick further argues that debtor's amended answer and motion to dismiss are themselves untimely under F.R.Civ.P. 15(a) adopted by Bankruptcy Rule 7015, and should be stricken. The motion to strike has not yet been objected to; but it is inextricably intertwined with the motion to dismiss and may be considered at issue together with the motion to dismiss. F.R.Civ.P. 15(a) provides in pertinent part that

(a) ... A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires ...

Here, debtor's amended answer and motion to dismiss were filed twenty-one days after the original answer to counterclaim was filed. There is some question whether this deadline should be considered extended for three more days, pursuant to Bankruptcy Rule 9006(f). In any event, this deadline, unlike that in Bankruptcy Rules 4004, 9006, is intended to be flexible: "leave [to amend] shall be freely given when justice so requires," even after the original twenty-day deadline has expired. Although no motion for leave to amend has been filed herein, the Court may in its discretion regard an amendment as having been filed and served pursuant to leave, and accept it, *U.S. for the use of Dorfman v. Standard Surety & Casualty Co. of New York*, 1 F.R.D. 239 (S.D.N.Y.1940). It is an abuse of discretion to deny leave to amend if the denial is not based on a valid ground, 3 *Moore's Federal Practice* (2d ed. 1991) ¶ 15.08[4] pp. 15–65, 15–66 and n. 5 (citing cases). Here, Nancy Roderick offers no reason why leave to amend should not be granted. It follows that debtor's amended answer and motion to dismiss should not be rejected as untimely; and if debtor's amended answer and motion to dismiss are accepted as timely, then Nancy Roderick's motion to strike becomes moot or unfounded.

Accordingly, debtor's "... Motion to Dismiss" Nancy Roderick's counterclaim is granted; and Nancy Roderick's "Motion to Strike [debtor's] Amended Answer and Motion to Dismiss" is denied.

AND IT IS SO ORDERED.