985 F.2d 560
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Luis C. GUERRERO, Defendant-Appellant,
v.
Francis E. WHITE, Plaintiff-Appellee.
 No. 92-5372.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1993.
 
 Before BOYCE F. MARTIN, JR., MILBURN, and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Luis Guerrero appeals the district court's decision to strike his amended answers and counterclaim. Guerrero also appeals the district court's decision to dismiss this case without prejudice. For the following reasons, the district court properly struck Guerrero's amended answers and counterclaim, and the district court properly dismissed the case without prejudice.
 
 
 2
 Luis Carlos Guerrero is presently serving a sentence of 175 years in the federal penitentiary. He speaks very little English and is proceeding in this case without retained counsel. Guerrero was sued by Francis E. White on January 31, 1991 for breach of contract regarding the sale of an airplane. Guerrero filed a motion for leave to extend the time to answer the complaint, which was granted, and he filed a timely answer on March 15, 1991. On August 20, 1991, Guerrero filed an amended answer without having received approval of the court. On November 1, 1991, Guerrero filed a second amended answer and a counterclaim without having received approval of the court. The counterclaim argued that the plaintiffs' conduct regarding the contract for the sale of the airplane constituted abuse of process and violated federal racketeering laws. On November 21, 1991, White filed a motion to strike Guerrero's two amended answers and his counterclaim, in conjunction with a motion to voluntarily dismiss the case.
 
 
 3
 The district court granted each of White's November 21 motions. Thus, Guerrero's amended answers and counterclaim were not part of the pleadings, and White's case was dismissed without prejudice to either side.
 
 
 4
 This court has jurisdiction over final decisions of the district court. 28 U.S.C. § 1291 (1968). Dismissal of a case, even without prejudice, is a final order that is appealable under 28 U.S.C. § 1291. E.g., Union Oil Co. v. Service Oil Co., 766 F.2d 224 (6th Cir.1985).
 
 
 5
 The pertinent rules regarding White's motion to strike Guerrero's amended answers and counterclaim are Rules 15 and 13 of the Federal Rules of Civil Procedure. Rule 15(a) of the Federal Rules of Civil Procedure provides:
 
 
 6
 Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.
 
 Rule 13(f) provides:
 
 7
 Omitted Counterclaim. When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment.
 
 
 8
 Guerrero did not request leave to amend his pleadings, but he filed his first and second amended answers approximately five and seven months, respectively, after he filed his answer. He filed his counterclaim approximately seven months after he filed his answer. The district court struck the pleadings because Guerrero had not moved for leave to amend his pleadings before filing them. Rules 13 and 15 require leave to amend before filing an amendment to an answer or before filing an omitted counterclaim after the allowable time has elapsed, because it is illogical to get leave of court to file a document after the document has already been filed. See Federal Deposit Ins. Corp. v. Anderson, et al., 819 F.2d 289 (6th Cir.1987) (unpublished opinion, no. 86-5490) ("Appellants filed a cross claim ... eight months after they filed their answer. Appellants did not at this point seek leave to amend their answer to add this cross claim, which leave was required by Federal Rule of Civil Procedure 15(a)."). However, at least two courts have stated that a late-filed responsive pleading should be considered to be a motion for leave to amend. United States v. Standard Sur. & Cas. Co., 1 F.R.D. 239 (S.D.N.Y.1940); In re Roderick, 126 B.R. 280 (Bankr.N.D.Okla.1991). We disagree with those cases and reiterate our position in Anderson that leave of court must be granted before a late pleading may properly be filed; filing an amended pleading is not equivalent to filing a motion which requests permission to amend a pleading. In most cases, such as Anderson, the parties, upon finding that they are required to obtain the leave of the court before filing a pleading, do so. In this case, however, the district court struck Guerrero's pleadings and dismissed the entire case without prejudice at the same time; therefore, Guerrero had no time to move to amend his answer or file his counterclaim. We see no error.
 
 
 9
 The district court properly dismissed White's case. Rule 41(a)(2) of the Federal Rules of Civil Procedure provides:
 
 
 10
 [A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
 
 
 11
 Under Rule 41, if a counterclaim is pending in a particular case, then the district court may not dismiss the entire case following a plaintiff's request for a voluntary dismissal if the defendant objects. However, no properly-filed counterclaim is present in this case. Absent a properly-filed counterclaim, Rule 41 provides that district courts have discretion whether to dismiss a case when requested by the plaintiff. We will overturn a district court's decision in this discretionary area only if the district court has abused its discretion. See Sams v. Beech Aircraft Corp., 625 F.2d 273 (9th Cir.1980). The district court did not abuse its discretion in this case. White sued Guerrero for breach of contract, but decided not to pursue his claim as the case progressed. Guerrero may still, if he so chooses, pursue his abuse-of-process and federal racketeering claims, so long as the statute of limitations has not run. The record shows no indication that the statute of limitations has run on Guerrero's claims, and the record contains no other fact which indicates that the district court should not have dismissed this case.
 
 
 12
 The decision of the district court to dismiss this case without prejudice is affirmed.