114 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
KONA ENTERPRISES, INC., Plaintiff-Appellant,
v.
ESTATE OF Bernice Pauahi BISHOP, By and Through its
trustees, Henry H. PETERS, Myron B. Thompson, Oswald K.
Stender, Richard S.H. Wong, and Lokelani Lindsey; Masuo
Takabuki, individually; William S. Richardson,
individually; Myron B. Thompson, individually; Henry H.
Peters, Jr., individually; Hanford's Inc.; Nationwide
Enterprises, Inc.; Montrose Nationwide Limited Partnership;
Snap Products, Inc.; Hanford's Creations, Inc.; John Does
1-10, Defendants-Appellees.
 No. 96-15117.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1997.
Decided May 29, 1997.
 
 Appeal from the United States District Court for the District of Hawai'i, No. CV-94-00858-DAE; David A. Ezra, District Judge, Presiding.
 D.Hawai'i
 REVERSED.
 Before: NORRIS, HALL, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff Kona Enterprises, Inc. ("Kona") appeals the dismissal of its action for lack of diversity subject-matter jurisdiction. The district court granted the motion to dismiss due to the presence of plaintiffs Balanced Value Fund ("Balanced Value") and Tach One and defendant Montrose Nationwide Limited Partnership ("Montrose Nationwide"). As the court found, complete diversity was lacking because Montrose Nationwide, a limited partnership, is deemed to be the citizen of each state in which limited partners Balanced Value and Tach One reside. See Carden v. Arkoma Associates, 494 U.S. 185, 195 (1990).
 
 
 3
 However, the district court did not undertake a complete analysis of whether the non-diverse parties were necessary and indispensable under Federal Rules of Civil Procedure 19 and 21. It also determined that plaintiffs ought not to be granted leave to amend under Rule 15, which is not a relevant consideration. Accordingly, we reverse and remand in order to give the district court a second opportunity to apply Rules 19 and 21.
 
 I.
 
 4
 Under Rule 21,[1] the district court has the discretion to retain its diversity jurisdiction by dropping the non-diverse parties, provided they are not indispensable to the suit under Rule 19. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989); Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir.1980) (citing cases).
 
 
 5
 Rule 19 requires the court to engage in a two-step analysis. At the outset, the court must determine whether Montrose Nationwide, Balanced Value and Tach One are "necessary" to the litigation. Fed.R.Civ.P. 19(a). If they are necessary, the court decides whether those parties are sufficiently "indispensable" that they must remain even though their presence destroys the court's subject-matter jurisdiction. Fed.R.Civ.P. 19(b); Pit River Home and Agr. Co-op Ass'n v. United States, 30 F.3d 1088, 1098 (9th Cir.1994). The "trial court's resolution of a Rule 19 issue requires a comprehensive statement of the facts and reasons upon which the decision is based." Bakia v. County of Los Angeles, 687 F.2d 299, 301 (9th Cir.1982).
 
 II.
 
 6
 Rule 19(a) provides that the non-diverse parties are "necessary" if: (1) the court is unable to grant complete relief in the absence of the non-diverse parties; or (2) the non-diverse parties have legally protected interests in the outcome of the litigation, and any judgment may either (a) harm the non-diverse parties' ability to protect their interests, or (b) expose a remaining party to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. See Fed.R.Civ.P. 19(a).
 
 
 7
 Rather than considering these factors, which requires a careful examination of the legal viability of Kona's claims, the district court relied upon Kona's earlier statement that Montrose Nationwide was a necessary party. That statement appears to have been made in an effort to persuade the district court to amend the complaint and add Montrose Nationwide so that already-existing plaintiffs Balanced Value and Tach One could pursue their derivative claims on behalf of Montrose Nationwide. It sheds little light on whether the three non-diverse parties together are necessary and indispensable to the litigation. The district court abused its discretion in deciding Rule 19 matters by relying upon this statement rather than undertaking an independent analysis. See United States ex rel. Morongo Band of Mission Indians v. Rose, 34 F.3d 901, 907 (9th Cir.1994) (district court's Rule 19 decision reviewed for abuse of discretion).
 
 III.
 
 8
 The district court correctly described the procedure under Rule 19(b). Four factors must be considered: (1) to what degree a judgment rendered in the absence of the non-diverse parties might be prejudicial either to them or to the remaining parties; (2) the extent to which the prejudice can be lessened or avoided by placing protective provisions in the judgment, by shaping the relief, or by other measures; (3) whether a judgment made in the absence of the non-diverse parties will be adequate; and (4) whether plaintiffs will have an adequate remedy if the action is dismissed for nonjoinder. Fed.R.Civ.P. 19(b); see Pit River, 30 F.3d at 1101.
 
 
 9
 But instead of applying these factors and giving "a comprehensive statement of the facts and reasons upon which the decision is based," Bakia, 687 F.2d at 302, the court simply ruled that it found plaintiff's arguments "unpersuasive." It then turned to a discussion of Rule 15. Rule 15 is not relevant to determining whether the non-diverse parties are necessary and indispensable under Rule 19. The court's failure to state its reasoning, as well as its reliance upon Rule 15, constituted an abuse of discretion. See Bakia, 687 F.2d at 302; see also Kayes v. Pacific Lumber Co., 51 F.3d 1449, 1464 (9th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 301 (1995) (application of incorrect law an abuse of discretion).[2]
 
 CONCLUSION
 
 10
 The district court abused its discretion by failing to give a complete statement of its factual findings and reasoning under Rule 19, and instead applying Rule 15. Therefore, we REVERSE and REMAND.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 21 provides:
 Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.
 Fed.R.Civ.P. 21.
 
 
 [2]
 The district court should note, however, that Rule 21 gives the court broad discretion to consider "the interests of justice" before dropping an improperly joined party. See Anrig v. Ringsby United, 603 F.2d 1319, 1325 (9th Cir.1978). Some of the factors it considered under Rule 15 may fit under the rubric of Rule 21, such as prejudice and undue delay. See 4 Moore's Federal Practice § 21.02 (3d ed. 1997). But the court's exercise of discretion under Rule 21 must be made after it finishes the Rule 19 analysis