**Rickey Edward MAYES, Sheila Mayes, Georgina McClymont, Plaintiffs,**

v.

**Gregg T. FUJIMOTO, Defendant.**

**No. CIV. 98–00027 ACK.**

United States District Court,
D. Hawaii.

June 9, 1998.

Mitchell C. Wallis, Honolulu, HI, for plaintiffs.

Bobby Ray Gordon, Law Offices of Robin M. Kishi, Honolulu, HI, for defendants.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION WITHOUT PREJUDICE

KAY, Chief Judge.

### STATEMENT OF FACTS

This is the plaintiffs' second lawsuit seeking to recover life insurance policy benefits from two separate policies issued to James Mayes by Northwestern Mutual Life Insurance Company, Inc. ("Northwestern Mutual"). The two policies at issue were for $100,000.00 and $250,000.00. Plaintiffs are the beneficiaries of these two life insurance policies. Rickey Mayes and Sheila Mayes each hold a 20 percent interest of the first policy and Georgina McClymont holds the remaining 60 percent interest. Ms. McClymont is the also the sole beneficiary of the second $250,000.00 policy. Both of these policies were accompanied by an Aviation Endorsement signed by James Mayes. These Aviation Endorsements clearly outline the stated policy limitations, e.g., that James Mayes would not be covered in the event of death due to an aviation accident. On January 14, 1992, James Mayes died while piloting his aircraft.

Plaintiffs filed their first action against Northwestern Mutual on October 18, 1996, *Rickey Mayes, et al. v. Northwestern Mutual Life Ins. Co,* 96–00912 HG (D.Haw.). On September 30, 1997, Judge Helen Gillmor granted summary judgment in favor of Northwestern Mutual. Thereafter, on January 12, 1998, plaintiffs filed another complaint seeking to recover damages from defendant Gregg T. Fujimoto ("defendant" or "Fujimoto"), the Northwestern Mutual agent under theories of negligent misrepresentation and warranty. On January 21, 1998, plaintiffs amended their complaint ("FAC") adding a claim for non-disclosure. Plaintiffs allege, *inter alia,* that due to defendant's non-disclosure or negligent misrepresentations of the policy's scope, they are entitled to recover damages equal to the policy proceeds from Fujimoto.

On February 10, 1998, defendant filed a motion to dismiss for lack of subject matter

jurisdiction, i.e., lack of diversity, under Federal Rule of Civil Procedure ("Rule") 12(b)(6). On March 9, 1998, plaintiffs filed three documents (1) a one page opposition to the motion to dismiss seeking to incorporate arguments contained in their voluntary motion to dismiss; (2) a voluntary motion to dismiss plaintiff Rickey Mayes pursuant to Rule 41(a)(2); and (3) a motion for summary judgment. Plaintiffs filed their motion for voluntary dismissal of Rickey Mayes expressly to preserve diversity jurisdiction, the sole jurisdictional basis for the instant lawsuit. Defendant opposed the voluntary motion to dismiss and the motion for summary judgment on March 25 and April 8, 1998, respectively. This matter came on for hearing on April 27, 1998. After reviewing the motions, the supporting and opposing memoranda and hearing the argument of counsel, the Court hereby GRANTS defendant's motion to dismiss for lack of subject matter jurisdiction.

### STANDARD OF REVIEW

#### I *Motion to Dismiss Under Rule 12(b)(1)*

■■■ A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may either attack the allegations of the complaint or may be made as a "speaking motion" attacking the existence of subject matter jurisdiction in fact. *Thornhill Publishing Co., Inc. v. Gen'l Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir.1979). Where the motion to dismiss is a "speaking motion," no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact. *Id.*

■■■ Pursuant to a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. In such circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."

*Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir.1983) (quoting *Thornhill Publishing Co. v. General Telephone & Electronics Corp.,* 594 F.2d 730, 733 (9th Cir. 1979)). The court may receive, among the forms of competent evidence, affidavits to resolve any factual dispute. *Biotics Research Corp. v. Heckler,* 710 F.2d 1375, 1379 (9th Cir.1983); *National Expositions, Inc. v. DuBois,* 605 F.Supp. 1206, 1207–08 n. 2 (W.D.Pa.1985). The consideration of such evidence does not convert a motion to dismiss into one for summary judgment nor does it go to the merit of a claim. *Id.;* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: (Civil 2d § 1349).

### II *Voluntary Motion to Dismiss Under Rule 41*

Rule 41 specifies the circumstances under which an action may be dismissed. Once a defendant has filed an answer or motion for summary judgment, a plaintiff cannot dismiss without leave of court. *Hamilton v. Shearson–Lehman Am. Express, Inc.,* 813 F.2d 1532, 1535 (9th Cir.1987). Rather, dismissal by a plaintiff must be sought under Rule 41(a)(2). Fujimoto has filed his answer; therefore Rule 41(a)(2) applies to the case at bar. Under Rule 41(a)(2), "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

Rule 41(a)(2) motions for voluntary dismissal should be liberally granted, provided that no party will suffer legal prejudice. *Stevedoring Serv. of Am. v. Armilla Int'l,* 889 F.2d 919, 921 (9th Cir.1991); *see also LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976) "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced." *Stevedoring,* 889 F.2d at 921. In the Ninth Circuit, the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and "will not be disturbed unless the court has abused its discretion." *Westlands Water Dist. v. U.S.,* 100 F.3d 94, 96 (9th Cir.1996) (citations omitted).

■ ■■■ Thus, when ruling upon a Rule 41 motion to dismiss without prejudice, the district court must first determine whether the defendant will suffer resultant legal prejudice. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir.1994); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir.1982). Plain legal prejudice "is just that—prejudice to some legal interest, some legal claim, some legal argument." *Westlands*, 100 F.3d at 97. In other words, legal prejudice is shown "where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable." *Id.*

■ The district court must further determine what conditions, if any, to place upon the dismissal. To alleviate the prejudice resulting from dismissal, courts typically impose costs and attorney fees upon plaintiff. *Id.* at 97. However, the imposition of costs and fees is not a prerequisite to grant a voluntary dismissal. *Stevedoring*, 889 F.2d at 921.

### DISCUSSION

■ On February 10, 1997, defendant filed a motion to dismiss for lack of subject matter jurisdiction, i.e., lack of complete diversity, pursuant to Rule 12(b)(1). On March 9, 1997, after the 12(b)(1) motion was filed, plaintiffs filed a motion for voluntary dismissal pursuant to Rule 41(a)(2). The Rule 41(a)(2) motion requests the Court to dismiss plaintiff Rickey Mayes to preserve diversity jurisdiction. On March 25, 1998, defendant opposed the Rule 41(a)(2) motion contending, *inter alia*, that: (1) the Court is without the requisite jurisdiction to hear a Rule 41(a)(2) motion; and (2) plaintiff Rickey Mayes is an indispensable party, thus dismissal is warranted for want of jurisdiction. The Court agrees with defendant.

### I *Defendant's 12(b)(1) Motion to Dismiss*

It is undisputed that the face of Plaintiffs' complaint demonstrates a lack of complete diversity between the parties; plaintiff Rickey Mayes and defendant Fujimoto are both Hawaii citizens. Plaintiffs' sole jurisdictional basis for the instant matter is under 28 U.S.C. § 1332, thus it appears that Defendant's motion should be granted. However, prior to dismissal, the Court must "undertake a complete analysis of whether the non-diverse part[y was] necessary and indispensable under" Rules 19 and 21.[1]

Rule 21 permits a federal district court to retain diversity jurisdiction over a case by dropping the non-diverse party, provided that the party is not indispensable. Fed. R.Civ.P. 21.; *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989); *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980) (citations omitted). In determining whether a party is indispensable for purposes of Rule 21, the Court must look to Rule 19 which requires the Court to make a two-step inquiry. *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1042 (9th Cir. 1983). First, the court must determine whether the party is "necessary" to the litigation. Fed.R.Civ.P. 19(a). If the party is necessary, but cannot be joined in the lawsuit because of a lack of personal or subject matter jurisdiction, the court must then decide whether "in equity and good conscience" the lawsuit should proceed in the party's absence. Fed.R.Civ.P. 19(b). If the court determines that it cannot proceed in the party's absence, the party is deemed "indispensable" and the party must remain even though its presence destroys subject matter jurisdiction. Fed.R.Civ.P. 19(b).

### A. *Rickey Mayes Is A Necessary Party To This Suit*

Rule 19(a) provides that the non-diverse plaintiff is necessary if: (1) the court cannot provide complete relief among the existing parties; (2) "the absent party has a legally protected interest in the outcome."[2] *Pit*

---

**1.** *See Kona Enterprises, Inc. v. Estate of Bishop, et al.*, unpublished, 114 F.3d 1194, 1997 WL 289418 at \*1 (9th Cir.1997).

**2.** Federal Rule of Civil Procedure 19(a) provides in part: "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already existing

River Home and Agr. Co–op Ass'n v. United States, 30 F.3d 1088, 1099 (9th Cir.1994). Rule 19(a)(2) "attempts to guarantee that all parties interested in a particular lawsuit have the chance to affect the outcome and will have the benefit of finality as to the judgment rendered." *Rainbow Trucking, Inc. v. Ennia Ins. Co.*, 500 F.Supp. 96, 98 (E.D.Pa. 1980) (citations omitted).

In the instant case plaintiffs have filed suit as "beneficiaries of two life insurance policies ... issued by Northwestern Mutual Life Insurance Company" against defendant as the insurance agent.[3]  FAC, ¶ 8.  Plaintiffs state that Rickey Mayes "is a twenty percent (20%) beneficiary of a single life insurance policy sold to his brother." 41(a)(2) Motion, p. 1.  Plaintiffs Sheila Mayes and Georgina McClymont hold the remaining interest in that $100,000.00 policy at 20 and 60 percent, respectively. *Id.* On January 14, 1992, James Mayes died in an aviation accident. Thereafter, in late 1995, Northwestern Mutual issued checks to Rickey Mayes, Sheila Mayes and Georgina McClymont representing their respective shares of the policy. Plaintiffs contend that, notwithstanding the express Aviation Endorsements, they are entitled to recover an amount equal to the policies' proceeds due to defendant's nondisclosure or negligent misrepresentations of the policy's scope. *Id.* p. 9.

The Court finds that under these facts, plaintiff Rickey Mayes is a "necessary" party under Rule 19(a)(2).  First, it cannot seriously be disputed that his 20% beneficiary interest is anything other than an "interest relating to the subject matter of the action." Fed.R.Civ.P. 19(a).  Second, Rickey Mayes "clearly has a legal interest in the litigation, which would be impaired by the disposition of this action without [his] presence." *Pit River*, 30 F.3d at 1099; *see also Carpetland, U.S.A. v. J.L. Adler Roofing, Inc.*, 107 F.R.D.

357, 360–61 (N.D.Ill.1985).  Third, it is obvious that the deceased intended to provide insurance proceeds to all of the plaintiffs in accordance with their respective shares.  To find that one of the beneficiaries is not a necessary plaintiff in a litigation challenging those proceeds would directly thwart the deceased's intent.  *See Walsh v. Centeio*, 692 F.2d 1239 (9th Cir.1982) (holding in relevant part that the Hawaii District Court did not abuse its discretion in finding that two omitted beneficiaries of various inter vivos and testamentary trusts were indispensable as indicated by the settlor's intent).  Thus, plaintiff Rickey Mayes is a necessary party.

## B.  *Rickey Mayes Is An Indispensable Party*

The Court must now decide whether "in equity and good conscience" the lawsuit should proceed in Rickey Mayes' absence. Fed.R.Civ.P. 19(b).  To determine whether a party is indispensable, Rule 19(b) requires consideration of: (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.  Fed.R.Civ.P. 19(b).

As fully explained above, the Court has already found that plaintiff Rickey Mayes has a legal interest in the litigation and that any judgment rendered in his absence would be incomplete.  The Court is duly concerned that any such judgment would be subject to various interpretations.  For example, would a favorable judgment in his absence serve to

---

parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed.R.Civ.P. 19(a).

3.  The Court notes that plaintiffs filed suit against the insurer, Northwestern Mutual Life, on October 16, 1996, case no.  96–00912 HG.  On September 30, 1997, Judge Gillmor disposed of that case in its entirety on defendant's summary judgment motion.

assign his pro rata proceeds to the remaining plaintiffs or would defendant only be responsible for the pro rata share of the remaining plaintiffs? The Court further notes that a judgment in Rickey Mayes absence could potentially prejudice the defendant. Although plaintiffs contend that the applicable statutes of limitations have lapsed, it is possible that the dismissal of Rickey Mayes could subject defendant to double or inconsistent obligations.[4] Finally, the Court finds that it is without the authority to impose the only condition that would serve to protect the parties interests and avoid potential inequities, to compel plaintiffs' and defendant's stipulation to dismissal with prejudice of the non-diverse party and Rickey Mayes' waiver and release of any claim arising from the underlying facts of the instant suit.

After careful deliberation and reflection, the Court finds that Rickey Mayes is a "necessary" and "indispensable" party under Rule 19.[5] As his presence in the instant matter destroys diversity, the only ground for invoking jurisdiction, the Court hereby GRANTS defendant's motion to dismiss under Rule 12(b)(1).

## II *Plaintiff's Motion for Voluntary Dismissal*

█ Motions filed under Rule 41(a)(2) should be liberally granted, as long as no other party is prejudiced. *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976). In the Ninth Circuit, the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the district court. *Sams v. Beech Aircraft Corp.,* 625 F.2d 273, 277 (9th Cir.1980). The district court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal. *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir.1982). Legal prejudice is shown "where actual legal rights are threatened or

where monetary or other burdens appear to be extreme or unreasonable." *Westlands,* 100 F.3d at 97.

Since the Court found that Rickey Mayes is a necessary and indispensable party, the defendant would suffer legal prejudice if Rickey Mayes was dismissed and the case allowed to proceed without him. Thus, plaintiffs' motion for voluntary dismissal is DENIED.[6]

### CONCLUSION

For the foregoing reasons, the Court GRANTS defendant Fujimoto's motion to dismiss for lack of subject matter jurisdiction WITHOUT prejudice.

IT IS SO ORDERED.

---

4. For example, if a state court proceeding is initiated, plaintiffs may have a claim for equitable tolling of the statute of limitations. In that circumstance, defendant may be subject to multiple or inconsistent obligations.

5. At the hearing on this matter, the Court inquired as to why this action had not been filed in state court, where it would not have been subject

to dismissal for lack of diversity. To the Court's dismay, plaintiffs' counsel responded that he is only admitted to the federal bar and is not licensed to practice by the State of Hawaii.

6. Accordingly, plaintiffs' motion for summary judgment is rendered moot.